**John A. FAIRCHILD, Plaintiff,**

**v.**

**John F. LEHMAN, Jr., Secretary of the Navy, et al., Defendants.**

**Civ. A. No. 83–926–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

May 22, 1985.

---

Ronald L. Bub, Saul & Barclay, Fairfax, Va., Thomas B. Kenworthy, Morgan, Lewis & Bockius, Philadelphia, Pa., for plaintiff.

Dennis Szybala, Asst. U.S. Atty., Alexandria, Va., for defendants.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This matter comes before the Court on plaintiff's and defendants' cross motions for summary judgment. At issue is a decision by the Board of Corrections of Navy Records [BCNR], which upheld plaintiff's discharge from the United States Marine Corps under less than honorable conditions. No facts are in dispute. Based on the reasons stated below, the Court reverses the BCNR decision, vacates plaintiff's discharge and nonjudicial punishment, and remands the case to the Marine Corps for further proceedings consistent with this opinion.

## I. FACTS

Plaintiff, John A. Fairchild, initially enlisted in the U.S. Marine Corps on September 28, 1978 for a period of four years. During his first term, Fairchild became a qualified air traffic controller with a Military Occupation Specialty [MOS] 7312. On September 29, 1981, plaintiff reenlisted in the Corps for five years, receiving a selective reimbursement bonus based on his MOS and reenlistment.

On April 28, 1983, plaintiff was suspected of off duty use of marijuana. Based on a positive urinalysis, on June 1, 1983, he admitted marijuana use and received nonjudicial punishment [NJP]. For minor offenses, military personnel may waive their right to a court martial proceeding and receive NJP from their commanding officer. *See* Article 15, Uniform Code of Military Justice, 10 U.S.C. § 815. Plaintiff's NJP included a reduction in rank and a forfeiture of $854.00, which was the maximum penalty he could receive. His appeal of the NJP was denied.

Subsequent to his NJP, plaintiff received notice that his commanding officer recommended administrative discharge for misconduct due to drug abuse. In addition, the Marine Corps initiated an action to recoup the unearned portion of plaintiff's reenlistment bonus. As a result, plaintiff did not receive basic pay beginning August 15, 1983. To remedy this situation, he filed both an application for redress of grievances under Article 138, Uniform Code of Military Justice, and a complaint in this Court. The Marine Corps granted his application for redress on September 21, 1983 and paid the amount due through September 15, 1983.

The administrative discharge board considered plaintiff's case on August 26, 1983. With counsel, plaintiff attended the hearing. Based on the evidence submitted by both plaintiff and the Marine Corps, the board recommended discharge under less than honorable conditions. The Marine Corps voided plaintiff's MOS on September 15, 1983 and, on September 29, 1983, the Navy discharged plaintiff from the Marine Corps under less than honorable conditions.

Upon discharge, the Navy withheld plaintiff's final pay and allowances as an offset to the unearned portion of his reenlistment bonus. Plaintiff then filed an amended complaint in this Court seeking his final pay. In response, defendants filed a counterclaim seeking partial recoupment of the previously paid bonus. The case was stayed by agreement of the parties in order to allow plaintiff to petition the BCNR to review his NJP and discharge for error or injustice. *See* 10 U.S.C. § 1552(a); 32 C.F.R. § 723.2 (1979).

On September 11, 1984, the BCNR denied plaintiff's request for relief. Jurisdiction to review the BCNR decision is based on 28 U.S.C. §§ 1346(a)(2) and 1361.

## II. DISCUSSION

It is well established that a court plays a limited role when reviewing a BCNR decision. The actions and procedures of a military correction board are subject to judicial reversal only if they are arbitrary, capricious, unsupported by substantial evidence or erroneous in law. *See Istivan v. United States,* 689 F.2d 1034, 231 Ct.Cl. 671 (1983); *Neal v. Secretary of*

*the Navy,* 639 F.2d 1029 (3rd Cir.1981); *Peppers v. U.S. Army,* 479 F.2d 79 (4th Cir.1973). Yet even under this deferential standard, a court may determine that the military has acted outside its sphere of authority. In this case, two of the 24 errors alleged by plaintiff demand a reversal of the BCNR decision.

1. The BCNR initially erred when it upheld the validity of plaintiff's NJP. The correction board determined that NJP does not involve due process considerations and, even if it does, plaintiff was not misadvised as to the consequences of waiving his right to go to trial. These findings, however, lack support.

■ In *United States v. Booker,* 5 M.J. 238 (C.M.A.1977), the Court of Military Appeals held that a prior NJP could not be introduced into evidence at a later court martial proceeding if the defendant was not informed, by a legally trained person, of the consequences of proceeding with NJP rather than by trial. The explicit basis for this holding was that due process considerations attach to NJP. *Id.* at 243. In plaintiff's case, the BCNR failed to adhere to the *Booker* decision. It distinguished the case by focusing on the evidentiary point rather than on the explicit holding that NJP involves due process. A correction board of military records must follow an on point decision by the Court of Military Appeals. *Owings v. Secretary of U.S. Air Force,* 298 F.Supp. 849 (D.D.C. 1969), *rev'd. on other grds.* 447 F.2d 1245 (D.C.Cir.1971), *cert. denied* 406 U.S. 926, 92 S.Ct. 1799, 32 L.Ed.2d 162, *rehearing denied* 409 U.S. 901, 93 S.Ct. 185, 34 L.Ed.2d 162. Because the BCNR failed to follow precedent, its decision was arbitrary and capricious.

■ Furthermore, the BCNR erred when it went on to consider plaintiff's allegation of a due process violation. The BCNR found that no due process violation occurred at NJP because plaintiff was not misinformed as to the consequences of waiving his right to go to trial. This finding, however, is not supported by substantial evidence in the record.

By affidavit presented to the BCNR, plaintiff stated that at the time of his alleged marijuana offense he was told to confer with military defense counsel. He did so, and was advised that if he waived his right to go to trial he could not be subject to a less than honorable administrative discharge. Plaintiff stated that he relied on this misadvice and proceeded with NJP.

The BCNR, however, rejected plaintiff's affidavit in favor of a letter submitted by Captain M.R. Osborn, the military defense counsel whom plaintiff consulted. In an unsworn statement, which was solicited by the BCNR unbeknownst to plaintiff, Captain Osborn could only assume that he advised plaintiff correctly. The captain did not remember counseling plaintiff. Moreover, he could not recall whether he told plaintiff of an important, recent change in Marine Corps regulation allowing a less than honorable discharge based on only one drug related NJP—a regulation change very pertinent to plaintiff's case.

Given its very limited nature, Captain Osborn's letter deserves little if any weight on the issue of whether he correctly advised plaintiff of the consequences of proceeding with NJP. Even under the deferential standard of review, the BCNR erred by upholding plaintiff's NJP on the basis of this unsworn statement. The captain's letter is not substantial enough evidence to support a finding that plaintiff's NJP did not violate due process, especially in light of plaintiff's own affidavit.

2. The second error by the BCNR that demands a reversal of its decision involves the adequacy of the notice plaintiff received prior to his administrative discharge hearing. The Marine Corps Separation and Retirement Manual (MARCORSEPMAN) regulates administrative discharge proceedings. In paragraph 6304.2, it requires that a servicemember receive notice of "all proposed reasons of separation." The BCNR erred when it determined that plaintiff received such notice.

■ Both parties agree that plaintiff was notified that the sole basis for his discharge proceeding was misconduct due to drug abuse. However, one day prior to the hearing, plaintiff's commanding officer admitted at deposition that his "recommendation for discharge is based on that pattern ... [or] ... series of minor disciplinary infractions including the NJP for drugs." A pattern of infractions and NJPs is a valid basis for administrative discharge. Plaintiff, however, did not receive notice of this proposed reason for separation.

Despite the commanding officer's admission, the BCNR concluded that the Marine Corps did not violate its own regulation by notifying plaintiff that drug abuse was the sole proposed basis for discharge. A servicemember's entire military record, including prior infractions, may be admissible before an administrative discharge board. Moreover, in plaintiff's case, drug abuse may be a more substantial basis for imposing separation. Yet even if these assumptions are true, neither of them entitles the Marine Corps to ignore its own regulation. MARCORSEPMAN paragraph 6304.2 requires that notice be given of *all* proposed reasons for separation. Plaintiff's commanding officer admitted a second basis for discharge, which plaintiff was not made aware of. The Marine Corps violated its own procedure. The BCNR lacked substantial evidence to conclude otherwise.

■ Furthermore, plaintiff's lack of notice demands a reversal of the BCNR decision because it was not harmless error. Informing a servicemember of the proposed reasons for discharge is an important due process requirement. It gives that servicemember an opportunity to adequately prepare his defense. In this case, plaintiff received notice of the second proposed basis for separation only one day prior to his administrative discharge hearing. He was not given an adequate opportunity to prepare a defense.

■ Based on the two errors discussed above, the Court reverses the BCNR's decision and vacates plaintiff's NJP and admin-istrative discharge under less than honorable conditions. Furthermore, the Court finds that none of the other 22 errors alleged by plaintiff demand a reversal of the BCNR decision. The majority of plaintiff's arguments are misplaced. Only three deserve brief comment. The admission of exhibits 9 and 10 by the administrative discharge board was harmless error, if error at all, given the fact that the board allowed plaintiff to submit evidence from his prior enlistment. This is especially true if one of the proposed bases for discharge was a pattern of infractions. In addition, the Marine Corps was neither arbitrary nor capricious when it applied the May 1983 MARCORSEPMAN provisions to plaintiff's case. The new provisions were in effect when the Corps received the first reliable evidence in support of plaintiff's drug abuse (his urinalysis), as well as being in effect at the time of plaintiff's NJP and discharge hearing. Finally, although the BCNR's findings of fact were quite sparse, the board adequately complied with MARCORSEPMAN paragraph 6319 and the Administrative Procedure Act, 5 U.S.C. § 557(c). *See Neal supra.*