John A. FAIRCHILD, Appellee,

v.

John F. LEHMAN, Jr., Secretary of the Navy, et al., Appellant.

Appeal No. 86–1392.

United States Court of Appeals, Federal Circuit.

March 13, 1987.

John S. Groat, of the Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for appellant. With him on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, and Thomas W. Petersen, Asst. Director. Of counsel were Commander Arthur R. Philpot and Lieutenant Commander Michael Lawlor, Dept. of the Navy, Office of the Judge Advocate Gen.

Thomas B. Kenworthy, of Morgan, Lewis & Bockius, of Philadelphia, Pa., for appellee.

Before SMITH, Circuit Judge, BALDWIN, Senior Circuit Judge and BISSELL, Circuit Judge.

BISSELL, Circuit Judge.

The Secretary of the Navy (Secretary) appeals from the order of the United States District Court for the Eastern District of Virginia, 609 F.Supp. 287 (E.D.Va.1985), entering summary judgment in favor of John A. Fairchild (Fairchild) on his claim that the Board of Corrections of Navy Records (BCNR) erroneously upheld Fairchild's discharge from the United States Marine Corps under other than honorable conditions. We affirm.

## BACKGROUND

Fairchild was a sergeant (E-5) stationed at the Marine Corps Air Station, Cherry Point, North Carolina. During April 1983, Fairchild was suspected of using marijuana. On April 28, 1983, he consented to a urinalysis. Results of the urinalysis were positive.

Fairchild was charged with violating Article 134 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (1982), by using marijuana while on active duty in the Marine Corps. Under Article 15, UCMJ, 10 U.S.C. § 815 (1982), Fairchild had the option of demanding trial by court-martial or of waiving trial and electing nonjudicial punishment by his commanding officer.

Fairchild was advised that he had a right to confer with counsel prior to deciding whether to elect trial by court-martial or nonjudicial punishment. After he indicated his desire to consult with an attorney, the Marine Corps arranged for him to meet with Captain M.R. Osborn, an attorney in the U.S. Marine Corps Reserve, to discuss the consequences of electing trial by court-martial or nonjudicial punishment.

After his meeting with Osborn, Fairchild waived his right to trial by court-martial. He appeared before his commanding officer, Colonel A.M. Younger, for nonjudicial punishment on June 6, 1983. At that time, Fairchild admitted using marijuana. He was found guilty of the offense and punished by reduction in rank to corporal (E-4) and forfeiture of $427 pay per month for two months.

Fairchild was later advised that Colonel Younger intended to recommend that Fairchild be discharged under other than honorable conditions based upon the nonjudicial punishment for use of marijuana. Pursuant to Article 15(e), Fairchild then appealed the nonjudicial punishment to his command-

ing general. The appeal was denied as being untimely filed. On August 26, 1983, an Administrative Discharge Board convened to consider the recommendation to discharge Fairchild for drug abuse. After reviewing the exhibits and taking testimony, the Administrative Discharge Board recommended discharge by reason of misconduct due to drug abuse, with an other than honorable discharge. On September 21, 1983, Fairchild's commanding general directed that Fairchild be discharged with an other than honorable discharge by reason of misconduct due to drug abuse.

Fairchild filed a complaint in district court on September 8, 1983, seeking withheld occupational specialty pay. After Fairchild's discharge on September 29, 1983, the district court stayed the action to allow Fairchild to apply to the BCNR for correction of his military records pursuant to 10 U.S.C. § 1552 (1982).

The BCNR concluded that the facts and circumstances of the case failed to show material error or injustice. It, therefore, declined to take corrective action with respect to either the nonjudicial punishment or the discharge.

After the BCNR's decision, Fairchild amended his complaint adding counts challenging the nonjudicial punishment, the administrative discharge, and the BCNR proceedings. Both parties then moved for summary judgment in the district court based upon the administrative record. The district court held that the BCNR erred by upholding the validity of plaintiff's nonjudicial punishment. In addition, the district court concluded that the BCNR erred in upholding the discharge because the notice of the Administrative Discharge Board proceeding received by Fairchild did not conform to Marine Corps regulations.

## ISSUES

1. Whether the district court applied the proper standard of review to the BCNR decision.

2. Whether, prior to waiving trial by court-martial, an accused possesses statutory rights which can not be waived absent a knowing, voluntary, and intelligent waiver.

3. Whether an accused's waiver of his right to trial by court-martial is an intelligent waiver when the accused has been misinformed of the consequences of his waiver by counsel provided by the military.

## OPINION

### I

### Standard of Review

■ It is well settled that this court reviews district court judgments to determine whether the district court's findings of fact are clearly erroneous or its legal conclusions are contrary to law. This standard applies to review of judgments in cases in which the plaintiff has challenged the decision of a military board. Fed.R.Civ.P. 52(a); *Heisig v. United States*, 719 F.2d 1153, 1157–58 (Fed.Cir.1983).

■ A district court, however, applies a different standard in its review of a board decision. In such cases, a district court is " 'limited to determining whether the ... action was arbitrary, capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law, regulation, or mandatory published procedure of a substantive nature by which [the complainant] has been seriously prejudiced.' " *Id.* at 1156 (quoting *Clayton v. United States*, 225 Ct.Cl. 593, 595 (1980)). The Secretary argues that the district court misapplied the substantial evidence standard in reviewing the BCNR's decision. We disagree.

■ In considering whether the BCNR erred in upholding the validity of Fairchild's nonjudicial punishment, the district court focused on two points: first, whether nonjudicial punishment involves due process considerations, and second, whether Fairchild was properly advised of the consequences of waiving trial by court-martial. The district court reasoned that *United States v. Booker*, 5 M.J. 238, 243 (C.M.A. 1977) held "that due process considerations attach to [nonjudicial punishment]." 609 F.Supp. at 290. Since the BCNR failed to apply what the district court perceived to be the holding in *Booker*, the district court

concluded that the BCNR's decision was arbitrary and capricious.

The district court also concluded that the BCNR's finding that Fairchild was properly informed of the consequences of waiving his right to go to trial was not supported by substantial evidence. In reaching this conclusion, the district court did not reweigh the evidence, but merely reviewed the evidence that was before the BCNR. Fairchild's affidavit stated: "Captain Osborn advised me that if I exercised my right to demand trial by court-martial and the case were referred to a special court-martial, I could receive a bad conduct discharge, but that if I accepted non-judicial punishment I could not receive an adverse discharge." In opposition, Captain Osborn's unsworn letter to the BCNR stated that he had no recollection of counseling Fairchild but opined as to what he thought he would have said. The district court clearly viewed the BCNR's finding as unsupported by substantial evidence in the record. 609 F.Supp. at 290. Thus, it is clear to us that the district court applied the appropriate standard of review to the BCNR's decision. We must now consider whether the district court applied that standard erroneously.

## II

### The Nonjudicial Punishment

In considering whether the district court committed legal error by invalidating the BCNR's decision upholding Fairchild's nonjudicial punishment we must consider two issues. First, whether Fairchild's election of nonjudicial punishment entailed a waiver of constitutional or statutory rights. Second, whether Fairchild's waiver, if any, was knowing, voluntary, and intelligent.

The military justice system provides four levels of proceedings for administering the UCMJ. The general court-martial (Article 18, 10 U.S.C. § 818) and special court-martial (Article 19, 10 U.S.C. § 819) are formal adversarial criminal proceedings. The summary court-martial (Article 20, 10 U.S.C. § 820) and nonjudicial punishment (Article 15) are nonadversarial proceedings that are regarded as noncriminal in nature. *See Middendorf v. Henry,* 425 U.S. 25,

31–32, 96 S.Ct. 1281, 1285–86, 47 L.Ed.2d 556 (1976). Nonjudicial punishment is the least formal method of reviewing alleged violations of UCMJ. Pursuant to Article 15(a), a commanding officer may impose nonjudicial punishment on members of his command without the intervention of a court-martial unless the accused demands trial by court-martial in lieu of such punishment.

We first address what rights Fairchild had at the time he elected nonjudicial punishment rather than trial by court-martial. In *Middendorf,* the Supreme Court held that an accused has no Sixth Amendment right to counsel in connection with a summary court-martial. 425 U.S. at 47–48, 96 S.Ct. at 1293. This holding was based on the Court's conclusion that a summary court-martial was not a criminal proceeding within the meaning of the Sixth Amendment. The Court further held that the Fifth Amendment due process clause does not require that an accused be afforded counsel at a summary court-martial. This holding was based on the Court's view that the military necessity of providing rapid disposition of cases through summary court-martial supported the congressional determination that counsel not be required for defendants at summary court-martials. *Middendorf's* holdings are equally applicable with respect to nonjudicial punishment under Article 15.

Since the *Middendorf* decision, the United States Court of Military Appeals has had numerous opportunities to consider the rights afforded to an accused who elects summary court-martial or nonjudicial punishment. In *United States v. Booker,* 5 M.J. 238 (C.M.A.1977), the Court of Military Appeals recognized *Middendorf's* holding that neither the Sixth Amendment nor the due process guarantees of the Fifth Amendment compelled the presence of counsel at a summary court-martial or nonjudicial punishment hearing. *Id.* at 239. Although the court recognized that the Fifth and Sixth Amendments did not require counsel for an accused at an Article 15 or Article 20 proceeding, it stated that:

The consequences of a decision to accept either an Article 15 or a summary court-

martial disciplinary action under Article 20 involve due process considerations. Believing as we do that only a legally trained person can supply the requisite quantum of information necessary for an informed decision, we believe it mandatory that the individual to be disciplined must be told of his right to confer with an independent counsel before he opts for disposition of the question at either of the above levels. Absent compliance with this proviso, evidence of the imposition of discipline under either is inadmissible in any subsequent trial by court-martial. A waiver of the statutory right under Articles 15 and 20 for removal to trial in a criminal proceeding must be in writing.

*Id.* at 243 (footnotes omitted).

In a footnote, the court went on to explain that:

It is imperative that this written waiver establish a voluntary, knowing, and intelligent decision to forego removal to a criminal proceeding which was done with sufficient awareness of the relevant circumstances to satisfy the standards set forth in *Johnson v. Zerbst*, 304 U.S. 458, 465 [58 S.Ct. 1019, 1023, 82 L.Ed. 1461] (1938) and *Brady v. United States*, 397 U.S. 742, 748 [90 S.Ct. 1463, 1468, 25 L.Ed.2d 747] (1970). Any ambiguity must be resolved prior to the utilization of evidence of discipline under either codal provision. This is required because the individual in making this decision is actually waiving his right to a full adversary criminal proceeding with its attendant Fifth and Sixth Amendment protections under *Argersinger v. Hamlin*, 407 U.S. 25 [92 S.Ct. 2006, 32 L.Ed.2d 530] (1972), and *Gideon v. Wainwright*, 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799] (1963).

*Id.* at 243, n. 20 (parallel citations omitted).

In *United States v. Mack*, 9 M.J. 300 (C.M.A.1980), the Court of Military Appeals again considered the nature of constitutional and statutory protections afforded to an accused in the military system. In explaining the application of the *Booker* holding with respect to the right to counsel the court stated:

Since there is no constitutional basis for the *Booker* requirement of opportunity to consult with counsel, it can best be justified as a practical means of implementing the right to decline nonjudicial punishment, which Congress granted accused persons....

*Id.* at 320. *Accord Dumas v. United States*, 620 F.2d 247, 223 Ct.Cl. 465 (1980).

Article 15 provides an accused with a statutory right to trial by court-martial. *Booker* contemplates that the waiver of this statutory right to trial must comply with the standards set forth in *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970) regarding waiving constitutional rights. Specifically, *Brady* required that waivers: "not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Id.* (footnote omitted). To ensure that the statutory right to trial was waived voluntarily, knowingly, and intelligently, *Booker* required that an accused have an opportunity to consult with counsel prior to electing nonjudicial punishment. Although it is certainly possible for an accused to voluntarily and intelligently waive a statutory or constitutional right without advice of counsel, it appears more likely that the requirements of *Brady* will be met when an accused is properly advised.

■ Because we conclude that Fairchild possessed a statutory right to trial that was waived when he elected nonjudicial punishment, it is not necessary to consider what constitutional rights, if any, are implicated in a decision to elect nonjudicial punishment.

■ We now consider whether Fairchild's waiver of his statutory right to trial by court-martial complied with the requirements of *Brady*. The BCNR found that Fairchild was not misinformed of the consequences of waiving his right to trial. After examining the record, the district court concluded that the BCNR's finding on this point was not supported by substantial evidence. Fairchild was misinformed when he was told that if he elected nonjudicial pun-

**1560**

ishment he "could not receive an adverse discharge." Although Fairchild received the advice of military counsel, the advice he received was erroneous. On the basis of this advice, Fairchild waived his statutory right to trial by court-martial. We do not think that an accused can execute an intelligent waiver of his statutory right to trial when he has been misinformed of the consequences of electing nonjudicial punishment by counsel provided by the military.

The district court did not err by concluding that the BCNR's finding that Fairchild was properly informed of the consequences of waiving trial was not supported by substantial evidence.

### III

### The Administrative Discharge Board Proceeding

Because we affirm the district court's judgment with respect to nonjudicial punishment, and because Fairchild's Administrative Discharge Board proceeding was predicated upon the nonjudicial punishment he received, we find it unnecessary to discuss the district court's rationale for vacating the BCNR's decision on the Administrative Discharge Board proceeding. Since the underlying nonjudicial punishment was vacated, vacating the Administrative Discharge Board proceeding was not clearly erroneous.

The judgment of the district court is affirmed.

AFFIRMED.