865 F.2d 268
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rocky L. WALES, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1417.
 United States Court of Appeals, Federal Circuit.
 Dec. 5, 1988.
 
 Before RICH, EDWARD S. SMITH, and PAULINE NEWMAN, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 DECISION
 
 1
 The judgment of the United States Claims Court[1] affirming the decision of the Army Board for Correction of Military Records (ABCMR), is affirmed.
 
 OPINION
 
 2
 * Sergeant Wales argues that his election of an Article 15, 10 U.S.C. Sec. 815, non-judicial proceeding was based on the erroneous advice of counsel: military counsel had advised that in view of the mischaracterization of the charge against him as "misappropriation of currency", he could not be found liable. The Claims Court held that the charge was indeed misstated, but that Sergeant Wales was not prejudiced by the erroneous characterization of the charge. The legal advice to Sergeant Wales was not misinformation as to the consequences of electing the Article 15 proceeding, unlike the situation in Fairchild v. Lehman, 814 F.2d 1555 (Fed.Cir.1987). Sergeant Wales was fully aware of the basis of the proceeding, and his waiver of the right to court-martial was knowing and voluntary. We affirm the Claims Court's decision on this point.
 
 B
 
 3
 Sergeant Wales appeals the Claims Court's ruling that there was substantial evidence supporting the decision on the merits as adjudged in the Article 15 proceeding. We do not refind the facts, but even on Sergeant Wales' statement of facts, the decision is supportable. See Sanders v. United States, 594 F.2d 804, 813 (Ct.Cl.1979) ("Strong policies compel the court to allow the widest possible latitude to the armed services in their administration of personnel matters.")
 
 C
 
 4
 Sergeant Wales, asserting procedural error, raises the question of the degree of judicial process required in an Article 15 non-judicial proceeding. Sergeant Wales states that he had the right to have the Article 15 hearing recorded in writing, citing Manual for Courts-Martial, 1969 Rev. Sec. 133(a), which states that "[t]he proceedings will be conducted in writing...." Article 15(g) provides:
 
 
 5
 The Secretary concerned may, by regulation, prescribe the form of records to be kept of proceedings under this article and may also prescribe that certain categories of those proceedings shall be in writing.
 
 
 6
 The prescribed form for Article 15 proceedings, D.A. Form 2627, was duly completed and is of record. The regulations do not require a verbatim transcript at the level of punishment imposed on Sergeant Wales. We have reviewed these regulations, and conclude that Sergeant Wales was not prejudiced as to any substantial right by the absence of a verbatim transcript of the Article 15 proceeding.
 
 
 
 [1]
 Wales v. United States, 14 Cl.Ct. 580 (1988)