**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellant*, v. CHRISTOPHER CARL STOLTZ, *Defendant-Appellee*. | No. 11-30297 D.C. No. 3:11-cr-00035-HRH-1 OPINION |

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, Senior District Judge, Presiding

Argued and Submitted
February 8, 2013—Seattle, Washington

Filed June 27, 2013

Before: Raymond C. Fisher, Ronald M. Gould and
Richard A. Paez, Circuit Judges.

Opinion by Judge Fisher

**SUMMARY**\*

---

### Criminal Law

The panel reversed the district court's order dismissing on double jeopardy grounds an indictment charging with possession of child pornography a servicemember who had previously received nonjudicial punishment (NJP) for the same offense under the Uniform Code of Military Justice.

The panel held that the district court erred in concluding that the civilian criminal prosecution would raise double jeopardy concerns, where the defendant has never previously been criminal charged with possession of child pornography either in civilian court or by court-martial. The panel explained that the inquiry for the Double Jeopardy Clause is whether the defendant *actually* was previously placed in jeopardy, not whether he *might* have been placed in jeopardy if other procedures had been followed.

The panel also held that assuming without deciding that there was a due process violation arising from the Coast Guard's imposition of nonjudicial punishment without first obtaining a valid waiver of the defendant's right to reject nonjudicial punishment in favor of a court-martial, that alleged violation occurred as part of the nonjudicial punishment proceedings and is insufficiently related to this criminal prosecution to warrant dismissal of the indictment.

---

\* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Karen L. Loeffler, United States Attorney, District of Alaska, Kyle G. French (argued), Assistant United States Attorney, District of Alaska, Anchorage, Alaska, for Plaintiff-Appellant.

Eric P. Lampel (argued) and Frances E. Clarke, The Lampel Firm, P.C., Irvine, California, for Defendant-Appellee.

## OPINION

FISHER, Circuit Judge:

It is well settled that, consistent with the Double Jeopardy Clause, the government may prosecute a member of the armed forces in a civilian criminal court even though he has previously received nonjudicial punishment for the same offense under Article 15 of the Uniform Code of Military Justice, 10 U.S.C. § 815. *See United States v. Reveles*, 660 F.3d 1138, 1146 (9th Cir. 2011). It is also well settled that a general or special court-martial precludes a subsequent civilian criminal prosecution for the same offense. *See Grafton v. United States*, 206 U.S. 333, 345–48 (1907).

Here we must decide whether the Double Jeopardy Clause prohibits civilian criminal prosecution of a servicemember who previously received nonjudicial punishment without being informed of or waiving his statutory right to reject such punishment and demand a court-martial instead. *See* 10 U.S.C. § 815(a). The district court, concluding that such a scenario would raise double jeopardy concerns, dismissed the indictment charging defendant Christopher Carl Stoltz

with possession of child pornography.  We conclude that this was error.  Regardless of any alleged statutory procedural violation, Stoltz has never previously been criminally charged with possession of child pornography either in civilian court or by court-martial.  The inquiry for the Double Jeopardy Clause is whether the defendant *actually* was previously placed in jeopardy, not whether he *might* have been placed in jeopardy if other procedures had been followed.  We therefore hold that this prosecution does not violate the Double Jeopardy Clause.  We also reject Stoltz's alternative argument that due process considerations require dismissal of the indictment.  Accordingly, we reverse and remand for further proceedings.

## I.  MILITARY AND CIVILIAN JUSTICE

A brief overview of the interplay between military and civilian justice is necessary before turning to the facts of this case.  The Uniform Code of Military Justice (UCMJ) provides that commanding officers can punish servicemembers through either courts-martial (either general, special or summary courts-martial) or nonjudicial punishment (NJP) proceedings.  *See* 10 U.S.C. § 815 (nonjudicial punishment); *id*. § 816 (courts-martial).  In the United States Coast Guard, NJP proceedings are called a "Captain's Mast." *See Reveles*, 660 F.3d at 1141.

"General and special courts-martial resemble judicial proceedings," *Middendorf v. Henry*, 425 U.S. 25, 31 (1976), with punishments ranging up to and including capital punishment.  *See* 10 U.S.C. §§ 816, 825a, 831, 838.  NJP, by contrast, is solely a disciplinary measure, is not criminal in nature and is intended for "minor offenses." *Id*. § 815; *see also Middendorf*, 425 U.S. at 31–32 (characterizing NJP as

"an administrative method of dealing with the most minor offenses"). Possible punishments under NJP include arrest in quarters or correctional custody for not more than 30 days, forfeiture of not more than half a month's pay per month for two months, reduction in rank and extra duties. *See* 10 U.S.C. § 815; *see also Middendorf*, 425 U.S. at 32 n.9.

If a servicemember is tried by general or special court-martial, the Double Jeopardy Clause of the Fifth Amendment bars a subsequent civilian prosecution for the same offense. *See Grafton*, 206 U.S. at 345–48. But NJP is not considered a criminal proceeding, so imposition and enforcement of NJP bars neither a subsequent court-martial nor a subsequent civilian prosecution for the same offense. *See* 10 U.S.C. § 815(f); *Reveles*, 660 F.3d at 1142–43, 1146.

Under the standard rule, servicemembers facing NJP can opt to reject the NJP and demand trial by court-martial in lieu of the NJP. "[E]xcept in the case of a member attached to or embarked in a vessel, punishment may not be imposed upon any member of the armed forces under this article if the member has, before the imposition of such punishment, demanded trial by court-martial in lieu of such punishment." 10 U.S.C. § 815(a). In truth, the servicemember cannot technically "demand" a court-martial, because the accused does not have the authority to bring charges to initiate a court-martial. *See* 10 U.S.C. §§ 822, 823. Thus, despite the statutory language, it is more accurate to say that servicemembers generally have the right to reject the NJP in favor of a court-martial; if the servicemember invokes this right and rejects NJP, then the decision of whether to proceed with a court-martial rests with the proper convening authorities.

The right to reject NJP in favor of a court-martial is subject to an exception arguably pertinent to this case, known as the "vessel exception." If the servicemember is "attached to or embarked in a vessel," he does not have the right to reject NJP. 10 U.S.C. § 815(a).[1] But if the vessel exception does not apply, the servicemember faced with NJP must be informed of his right to reject NJP in favor of a court-martial, and NJP cannot be imposed unless the servicemember voluntarily, knowingly and intelligently waives that right in writing. *See Fairchild v. Lehman*, 814 F.2d 1555, 1559 (Fed. Cir. 1987) (quoting *United States v. Booker*, 5 M.J. 238, 243 n.20 (C.M.A. 1977)).

## II.  FACTUAL BACKGROUND

Beginning in June 2002, Stoltz was an active duty enlisted member of the United States Coast Guard. In January 2007, the Coast Guard assigned him to the Coast Guard cutter *Alex Haley* as Electrician's Mate Third Class.[2] On October 7, 2008, while the *Alex Haley* was moored at Nome, Alaska, for a routine port call, a shipmate observed Stoltz aboard the cutter viewing on his laptop movies of children performing sexual acts. The next morning, the shipmate reported what he had seen to his superiors. During the *Alex Haley*'s next routine port call, Stoltz met with a Coast Guard Investigative Service Special Agent, waived his right against self-

---

[1] The relevant date for whether the servicemember is attached to or embarked in a vessel is the date the punishment is imposed, not the date of the offense. *See* Manual for Courts-Martial, United States, Part V ¶ 3 (2012), *available at* http://www.loc.gov/rr/frd/Military_Law/pdf/MCM-2012.pdf.

[2] A "cutter" is a small, lightly armed, Coast Guard ship.

incrimination and admitted possessing child pornography both aboard the *Alex Haley* and at his home in Kodiak, Alaska.[3]

To avoid precluding civilian criminal charges, the *Alex Haley*'s commanding officer, Commander Kevin Jones, and executive officer, Lieutenant Commander Anthony Williams, opted not to court-martial Stoltz. But when seven months passed and no civilian criminal charges had been filed, Williams decided to impose NJP on Stoltz so that the crew could see that Stoltz had not escaped punishment for his offense and so that Stoltz would not receive an honorable discharge. Jones held a Captain's Mast on May 6, 2009. At the Captain's Mast, Jones charged Stoltz with viewing illicit material aboard the ship, in violation of UCMJ Article 134, 10 U.S.C. § 934, and Stoltz admitted the charge. Jones imposed punishment of a one-step reduction in Stoltz's rank, 45 days' extra duty, 45 days' restriction to the *Alex Haley* and an $1,800 fine. The Coast Guard did not offer to renew Stoltz's service commitment and separated him with General Under Honorable Conditions in June 2009.

At no point between October 2008 and May 2009 was Stoltz informed that he could reject NJP and demand a court-martial instead. Nor did he ever waive his right under § 815 to demand a court-martial in lieu of NJP proceedings.

In April 2011, a federal grand jury in Alaska indicted Stoltz, charging him with one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(b), (b)(2).

---

[3] Stoltz was never charged in either military or civilian court for the child pornography found at his home. All of the relevant charges concerned the child pornography he had aboard the *Alex Haley*.

Stoltz moved to dismiss the indictment on double jeopardy grounds.[4]  The district court granted the motion, concluding that the vessel exception did not apply and Stoltz therefore should have been given the opportunity to reject NJP and demand a court-martial.  The court further concluded that because Stoltz had not been made aware of his right to demand a court-martial, the United States could not charge him for the same crime in civilian court consistent with the Double Jeopardy Clause.  The United States appealed.  On appeal, Stoltz argues that we should affirm the dismissal of his indictment on either double jeopardy or due process grounds.

## III.  STANDARD OF REVIEW

We review de novo the district court's dismissal of an indictment based on violations of constitutional rights.  *See United States v. Ziskin*, 360 F.3d 934, 943 (9th Cir. 2003) (double jeopardy); *United States v. Reveles-Espinoza*, 522 F.3d 1044, 1047 (9th Cir. 2008) (due process).

## IV.  VESSEL EXCEPTION

The parties dispute whether the vessel exception applied to the Coast Guard's imposition of NJP against Stoltz.  We need not resolve this debate, however, because even assuming Stoltz is correct that the vessel exception did not apply here, dismissal of the indictment is not warranted.  Thus, we assume without deciding that the vessel exception did not apply and therefore that the Coast Guard inappropriately imposed NJP on Stoltz without informing him of his right to

---

[4] The magistrate judge, after oral argument and an evidentiary hearing, recommended that the motion be denied.

reject NJP in favor of a court-martial or obtaining a written waiver of that right.

## V. DOUBLE JEOPARDY

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Double jeopardy bars Stoltz's prosecution only if he was previously placed in jeopardy for the same child pornography offense. "[T]he 'constitutional policies underpinning the Fifth Amendment's guarantee' are not implicated before that point in the proceedings at which 'jeopardy attaches.'" *Serfass v. United States*, 420 U.S. 377, 390–91 (1975) (quoting *United States v. Jorn*, 400 U.S. 470, 480 (1971)); *see also Will v. Hallock*, 546 U.S. 345, 354 n.1 (2006). Jeopardy attaches only when a jury is empaneled and sworn, or in the case of a non-jury trial, when the court begins to hear evidence. *See Serfass*, 420 U.S. at 388 (citing *Downum v. United States*, 372 U.S. 734 (1963), and *Illinois v. Sumerville*, 410 U.S. 458 (1973)). The Supreme Court "has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition [on double jeopardy] can have no application, until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge.'" *Serfass*, 420 U.S. at 388 (quoting *Jorn*, 400 U.S. at 479).

We can quickly dispose of Stoltz's double jeopardy argument because both sides acknowledge that NJP is noncriminal and that Stoltz has never previously been charged criminally for possession of child pornography. *See Reveles*, 660 F.3d at 1146 (holding that "NJP . . . is noncriminal in nature" and thus the government's prosecution of a servicemember who had previously been punished by

NJP for the same offense was not barred by the Double Jeopardy Clause); *see also Hudson v. United States*, 522 U.S. 93, 98–99 (1997) (holding that the Double Jeopardy Clause precludes only successive *criminal* punishments, but "does not prohibit the imposition of all additional sanctions that could, in common parlance, be described as punishment" (internal quotation marks omitted)).  Stoltz cannot evade criminal prosecution based on what *might* have occurred *if* the Coast Guard had given him the chance to demand a court-martial as required by statute.  What matters is whether Stoltz was *actually* court-martialed.  He was not.  Stoltz's novel theory – that the Double Jeopardy Clause prohibits criminal prosecution if the defendant could have been, but was not, criminally charged for the same conduct in a prior, separate action – lacks any legal support and cannot be squared with the Supreme Court authority concerning when jeopardy attaches.[5]

Until indicted in this case, Stoltz was never charged in a criminal proceeding for possession of child pornography, either in a court-martial or civilian criminal court.  The Double Jeopardy Clause is thus no impediment to this prosecution.  Dismissing the indictment would not merely ensure that Stoltz is not criminally charged *twice* for the same offense; it would ensure that he is not criminally charged *at all*.  The Coast Guard's imposition of NJP without obtaining

---

[5] Stoltz's argument also improperly assumes that if he had exercised his right to demand a court-martial, he necessarily would have been court-martialed.  As noted, servicemembers cannot compel a court-martial.  Rather, a servicemember has the right to reject NJP in favor of a court-martial, but the discretion to convene a court-martial still rests with those individuals listed in 10 U.S.C. §§ 822 and 823, not the accused servicemember.  In substance, the servicemember has the right to demand that he either be court-martialed or receive no *military* punishment.

a waiver of Stoltz's right to reject NJP in favor of a court-martial arguably implicates due process concerns as discussed in the next section, but it does not implicate double jeopardy.

## VI. DUE PROCESS

Because we assume that the vessel exception did not apply, the Coast Guard was not allowed to impose NJP on Stoltz without first obtaining a valid waiver of his right to reject NJP in favor of a court-martial. *See* 10 U.S.C. § 815(a); *Fairchild*, 814 F.2d at 1559 (holding that such waiver must be voluntary, knowing, intelligent and in writing). Stoltz argues that this statutory violation also amounts to a constitutional due process violation. We assume without deciding that he is correct. *See Booker*, 5 M.J. at 243 ("The consequences of a decision to accept [NJP] . . . involve due process considerations.").

Even so, the due process violation did not occur in the context of the current prosecution, but as part of the NJP proceedings. We are not persuaded that the alleged due process violation is sufficiently related to the instant criminal proceeding such that Stoltz is entitled to a remedy in this case. *Cf. R.J. Reynolds Tobacco Co. v. Shewry*, 423 F.3d 906, 924–25 (9th Cir. 2005) (recognizing that the court need not concern itself with protecting against alleged injuries occurring in another court). If Stoltz suffered a constitutional violation during the NJP proceedings, that is where his remedy would lie. There is no evidence that the Coast Guard's failure to obtain a waiver in the NJP proceeding had any connection to the government's decision to initiate the civilian criminal proceeding that is before us.

Even assuming, however, that the NJP and this civilian prosecution were sufficiently related, dismissing the indictment would not be appropriate. "[R]emedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." *United States v. Morrison*, 449 U.S. 361, 364 (1981) (holding that dismissing the indictment was not the proper remedy for the government's interference with the defendant's relationship with counsel). "Broadly speaking, due process violations are remedied by providing the aggrieved party the process he or she was deprived (or an equivalent)." *Lara-Torres v. Ashcroft*, 383 F.3d 968, 975 (9th Cir. 2004). The Coast Guard allegedly violated Stoltz's statutory right to reject NJP in favor of a court-martial; he has no statutory right to escape criminal prosecution altogether. Thus, if any violation occurred, the properly tailored remedy would be one that vacates the NJP, not one that forbids any criminal prosecution.

Indeed, such a remedy exists to rectify the improper imposition of NJP. Pursuant to 10 U.S.C. § 1552, Stoltz could apply to the Board for Correction of Military Records (BCMR), arguing that he was subjected to NJP without the opportunity to exercise his right to demand a court-martial. *See* § 1552(a)(1) (providing that the BCMR "may correct any military record . . . when . . . necessary to correct an error or remove an injustice").[6] The BCMR has the authority to

---

[6] Should there be an issue of the timeliness of such an application, the BCMR may consider whether it would be "in the interest of justice" to excuse the delay given the circumstances of this case and the uncertainties of Stoltz's legal rights and remedies. *See* § 1552(b) (permitting servicemembers to petition the BCMR more than three years after discovering the alleged error "in the interest of justice").

refund his fines and correct his military record if it determines that imposition of NJP on Stoltz was improper. *See* § 1552(a)(1), (c)(1). If Stoltz receives an unfavorable ruling from the BCMR, he could appeal that ruling to an Article III court. *See, e.g.*, *Fairchild*, 814 F.2d at 1557–60.[7] Thus, the district court erred in resorting to dismissal of the criminal charges here to rectify errors in the NJP proceedings.

## VII. CONCLUSION

The Double Jeopardy Clause is intended to prevent successive attempts to convict a defendant of the same offense. Because Stoltz has never been criminally charged with possessing child pornography, the Double Jeopardy Clause does not bar this prosecution. Stoltz also cannot avoid criminal prosecution altogether based on the alleged violation of his right to reject NJP in favor of a court-martial. That violation – assuming it was one – occurred in the context of the NJP, not as part of this criminal prosecution. There is no reason to dismiss this criminal indictment to remedy a procedural violation that occurred in another, distinct proceeding. It was therefore error to dismiss the indictment.

**REVERSED.**

---

[7] Stoltz protests that he is not seeking correction of his military records, as the plaintiff in *Fairchild* was; rather, he seeks dismissal of his criminal charge. It is not for Stoltz to decide the proper remedy for the alleged violation. A remedy that exempts him from all criminal punishment would "infringe on competing interests," *Morrison*, 449 U.S. at 364, because it would allow Stoltz to escape with only 45 days' restriction to the ship, when the federal sentencing guidelines provide for substantially longer sentences. *See* U.S.S.G. § 2G2.2.