**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10491 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-00559-JGZ |
| v. | |
| JOSE MANUEL MARTINEZ-AGUAYO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Jose Manuel Martinez-Aguayo appeals from the district court's judgment

and challenges the 21-month sentence imposed following his guilty-plea

conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Martinez-Aguayo challenges his sentence on double jeopardy and collateral estoppel grounds. Specifically, he claims that, because a magistrate judge in the District of Arizona previously determined that there was not probable cause to remove him to the Western District of Michigan for a violation of supervised release, the district court was precluded from using the underlying prior conviction in the Western District of Michigan to calculate his criminal history score. We review de novo claims of double jeopardy and collateral estoppel. *See United States v. Castillo-Basa*, 483 F.3d 890, 895 (9th Cir. 2007). Contrary to Martinez-Aguayo's contention, the district court correctly determined that the magistrate judge's findings at the probable cause hearing did not have preclusive effect under the Double Jeopardy Clause. *See United States ex rel. Rutz v. Levy,* 268 U.S. 390, 393 (1925) (removal proceedings do "not operate to put the defendant in jeopardy"); *United States v. Stoltz*, 720 F.3d 1127, 1131 (9th Cir. 2013) (principles of double jeopardy "are not implicated" before the point at which jeopardy attaches). Martinez-Aguayo's claim of collateral estoppel is equally unpersuasive. *See Ashe v. Swenson,* 397 U.S. 436, 444 (1970).

**AFFIRMED.**

15-10491